■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LARRY BEHLING, Appellant.— Judgment of the Supreme Court, Kings County, rendered February 15, 1967, affirmed. No opinion. Beldock, P. J., Brennan and Rabin, JJ., concur; Christ and Benjamin, JJ., dissent and vote to reverse the judgment and to order a new trial, with the following memorandum: Appellant and one Riggins were indicted for the assault and robbery of an old man in a park; a third man, also allegedly involved in the crime, was never caught. At the time of his arrest, Riggins told the police that appellant was one of the three men who had committed the crime and was the one who had cut the victim with a knife. Thereafter, the case against Riggins was severed and he pleaded guilty to a reduced charge. When so pleading Riggins told the court that appellant was not involved in the commission of the crime, that one John Davis had committed it with him [Riggins] and was the one who cut the victim with a knife, and that at the time of his arrest the police threatened to beat him unless he told them where to find Davis, and, since he did not know where Davis lived, he told them, so as to avoid a beating, that appellant had committed the crime with him. Appellant's trial was held soon after Riggins pleaded guilty. At the trial the victim identified appellant as one of his assailants. The police officer who had arrested Riggins testified that while patrolling the park he heard screams and saw three men running past him, that witnesses told him that the three running men had knifed an old man, that he chased the three men and one of them (appellant) slipped and fell, that appellant pointed to Riggins as the one who had done the knifing and that therefore he [the officer] left appellant, chased Riggins and caught him. On cross-examination, the officer further testified that at the stationhouse Riggins said that he, appellant and a third man (never apprehended) had committed the crime and that appellant had used the knife; and that Riggins had also supplied information leading to appellant's arrest. The defense was alibi, with three witnesses (2 relatives and a Welfare Department caseworker) testifying that appellant was in his grandmother's home at the time this crime was committed. During summation, the prosecutor twice pointed out that Riggins had identified appellant as the one who had knifed the victim. On one of those occasions, the prosecutor forcefully drove this fact home with this comment: "Gentlemen, the point that I am making is that the reason that this defendant is here on trial today as one of the perpetrators of this crime, acting in concert, the reason he was apprehended is because Riggins, the other perpetrator who the police officer nabbed with the watch in his pocket, said the man who cut this Mr. Nappo was this Larry Behling — right there, when he got nabbed, the man with the watch. He said, 'Well, did you cut him?' Riggins says, 'He cut him?' * * * That's how he got to court. That's why he is here. Very important?"

On each of those two occasions the court briefly instructed the jury that the statement by Riggins was not binding on appellant, but also noted that this statement was in evidence and that the victim had also identified appellant. *At no time was it brought to the jury's attention, either by testimony or by comment in the prosecutor's summation, that when Riggins pleaded guilty he had recanted his earlier statement identifying appellant.* In our opinion, it was unfair and prejudicial for the prosecutor repeatedly to tell the jury, in summation, that Riggins had identified appellant as a participant in the crime, and at the same time conceal from them the fact that Riggins had subsequently recanted that identification. Such sharp practice by the prosecutor is improper, and the prejudice resulting from it warrants a reversal and new trial in the interests of justice. Apart from the foregoing, it seems to us that such use of Riggins' statement to implicate appellant may well bring this case wthin the rationale and ambit of *Bruton* v. *United States* (391 U. S. 123), since here, too, the cautionary instructions of the trial court (to the effect that the statement was not binding on appellant) could not possibly have cured the prejudice. For this reason, too, we think justice requires a new trial.